**Curtis Lee CHARLES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–91–00104–CR.**

Court of Appeals of Texas,
San Antonio.

April 17, 1991.

---

2. We note that the amended bond also corrects the date of the judgment to December 13, 1990.

Verna Victoria Langham, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., San Antonio, for appellee.

Before REEVES, C.J., and PEEPLES and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

Appellant was convicted by a jury for the offense of robbery. The jury assessed punishment, enhanced by two prior convictions, at thirty-seven years. Sentence was imposed in open court on January 9, 1991. No motion for new trial was filed. The notice of appeal was due on February 8, 1991. Counsel was appointed for appeal on February 21, 1991. The letter notifying counsel of the appointment was filed on February 28, 1991. Appellant's notice of appeal was filed on February 28, 1991.

Appellant's attorney has filed a verified motion for extension of time to file notice of appeal. Counsel states that her appointment was the result of a letter the trial court received from appellant indicating appellant wanted to appeal his conviction. Counsel states the letter was sent to the district clerk and was file-stamped on February 11, 1991. The trial judge did not receive the letter until February 21, 1991.

Appellant's letter may be a proper notice of appeal itself under TEX.R.APP.P. 40(b)(1).[1] However, the letter notice of appeal was also not filed within the thirty days required by rule 41(b)(1). According to counsel, the letter was arguably filed within the fifteen days allowed by rule 41(b)(2) for purposes of an extension of time for filing the notice of appeal.[2] The motion for extension of time under rule 41(b)(2) was due on February 25, 1991. Unfortunately, counsel was not notified of the appointment until February 28, 1991. The motion for extension of time was filed in this court on March 8, 1991.

In *Boulos v. State*, 775 S.W.2d 8 (Tex. App.—Houston [1st] 1989, pet. ref'd), the

---

1. The letter does not appear in the record. However, for purposes of this opinion we will accept the statements of counsel regarding the letter as true, since even if true we conclude this court lacks jurisdiction.

2. Although there may be some question as to whether the letter notice of appeal was filed with the clerk of the trial court on February 11 when it was filed with the district clerk, nevertheless, again for purposes of this opinion, we consider the letter notice of appeal to have been properly filed on February 11, 1991.

court was faced with the same situation as in our case. The notice of appeal was filed within the fifteen-day period, but the motion for extension of time was not filed until the fifteen days had passed. The First Court of Appeals held that in order to preserve the defendant's constitutional right to effective assistance of counsel, and to avoid post-conviction relief claims, the court was authorized to exercise jurisdiction under rules 2(b) and 83.

■ A court of appeals' jurisdiction is invoked by a timely, written notice of appeal. *Shute v. State*, 744 S.W.2d 96 (Tex. Crim.App.1988). Notice of appeal is timely if filed within thirty days of the day sentence is imposed or suspended in open court, ninety days if a timely motion for new trial is filed. Rule 41(b)(1). An exception is provided for in rule 41(b)(2). A notice of appeal filed within fifteen days of the last day allowed is not timely, but a court of appeals may grant an extension of time to file the notice of appeal if within the same fifteen-day period a motion for extension of time is also filed, which reasonably explains the need for the extension. In other words, a late notice of appeal may be deemed timely and would invoke a court of appeals' jurisdiction to entertain the appeal if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time reasonably explaining the need for the extension is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Compliance with the first two requirements allows the court of appeals to act on the motion for extension of time. Without a timely motion for extension of time to file notice of appeal, the appellate court lacks jurisdiction.

■ Rule 83 may not be used to cure a jurisdictional defect. *See Jones v. State*, 796 S.W.2d 183 (Tex.Crim.App.1990). Additionally, rule 2(b) may not be used to create jurisdiction where none exists. If the motion for extension of time is not filed within the fifteen days required by rule 41(b)(2), this court lacks jurisdiction to invoke rule 2(b).

We may not rely upon *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), to allow appellant to proceed with his appeal. In *Evitts*, the Supreme Court held that an appeal may not simply be dismissed if some procedural barrier deprives an appellant of his rights to effective assistance of counsel, due process, and equal protection. In *Jones*, the Court of Criminal Appeals distinguished *Evitts* from cases where the compliance with a rule is jurisdictional. *Jones v. State*, 796 S.W.2d at 187. *See also Evitts v. Lucey*, 469 U.S. at 389. A timely notice of appeal is jurisdictional.[3]

■ Acting in the interests of judicial economy is worthwhile. However, the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM.PROC. art. 11.07. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex.Crim.App.1991). Under the circumstances of this case, the appropriate procedure would be a post-conviction writ of habeas corpus seeking an out-of-time appeal. If this court lacks jurisdiction to consider the appeal, the Court of Criminal Appeals has no jurisdiction to grant an out-of-time appeal upon the filing of a petition for discretionary review. *Cf. Miles v. State*, 780 S.W.2d 215 (Tex.Crim.App.1989) (since notice of appeal was never filed, the court of appeals lacked jurisdiction and the

---

**3.** The concerns expressed by the Supreme Court in *Evitts* are adequately addressed through safeguards contained in our Rules of Appellate Procedure. An indigent appellant may obtain a free statement of facts. Rule 53(j). Appellate courts may inquire into the absence of a statement of facts, rule 53(m), and the absence of an appellant's brief, rule 74(*l*). An appellate court may allow the late filing of a transcript or statement of facts on a showing that otherwise

the appellant may be deprived of effective assistance of counsel. Rule 83. In order to provide for any unforeseen non-jurisdictional situation, an appellate court may suspend requirements and provisions of any rule in a particular case in the interest of expediting a decision or for other good cause shown, except as otherwise provided by the rules. Rule 2(b). Indeed, the rules provide for the late filing of a notice of appeal, up to a point. Rule 41(b)(2).

petition for discretionary review was dismissed rather than denied).

This appeal is dismissed for lack of jurisdiction.