Jesus OLIVO, Appellant,

v.

The STATE of Texas, Appellee.

No. 0442–95.

Court of Criminal Appeals of Texas, En Banc.

March 27, 1996.

John H. Hagler, Dallas, for appellant.

Lori L. Ordiway, Assist. Dist. Atty., Dallas, Robert A. Huttash, State's Atty., Austin, for the State.

---

1. In criminal cases Rule 41(b) provides:
   (1) Appeal is perfected when notice of appeal is filed within thirty (fifteen by the state) days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant was convicted of murder, and the jury assessed punishment at forty years of confinement. Appellant's notice of appeal was due to be filed on June 27, 1994. Appellant filed his notice of appeal on July 12, 1994, the fifteenth day after it was due. Appellant's motion for extension of time, styled a "Motion for Leave to File Late Notice of Appeal," was filed on September 27, 1994. The Court of Appeals dismissed the appeal for lack of jurisdiction. *Olivo v. State*, 894 S.W.2d 58 (Tex.App.—San Antonio 1994). We granted Appellant's petition for discretionary review to address the following ground:

> The Court of Appeals erred in holding that the court lacked jurisdiction to entertain this appeal when the notice of appeal was filed within the fifteen day grace period but the motion for leave to file the late notice of appeal was filed after the expiration of the fifteen day grace period.

The Court of Appeals held that a late notice of appeal may be considered timely filed, and thus invokes the appellate court's jurisdiction, if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed within fifteen days of the last day allowed for filing the notice of appeal, and (3) the motion for extension of time is granted by the appellate court. *Id.* at 59 (citing Tex.R.App.Pro. 41(b)(2) [1] and *Charles v. State*, 809 S.W.2d 574 (Tex.App.—San Antonio 1991, no pet.)). The court noted it had previously held that compliance with the first two requirements is jurisdictional. *Ibid.* (citing *Charles*, 809 S.W.2d at 576).

Appellant observes that other courts of appeals have held that a notice of appeal filed within the fifteen-day grace period invokes

(2) An extension of time for filing notice of appeal may be granted by the court of appeals if such notice is filed within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension.

jurisdiction even without an accompanying motion for extension of time. See *Sanchez v. State,* 885 S.W.2d 444 (Tex.App.—Corpus Christi 1994, no pet.); *Boulos v. State,* 775 S.W.2d 8 (Tex.App.—Houston [1st] 1989, pet. ref'd). Appellant urges this Court to adopt the reasoning set out in those opinions, specifically, that jurisdiction is authorized by Tex.R.App.Pro. 2(b)[2] and 83[3]. Appellant points out that the Texas Supreme Court has adopted a liberal policy in allowing appellants to amend appeal bonds and cash deposits in lieu of bonds. See *Linwood v. NCNB Texas,* 885 S.W.2d 102 (Tex.1994); *Grand Prairie Indep. Sch. Dist. v. Southern Parts,* 813 S.W.2d 499 (Tex.1991). Appellant maintains that a similarly liberal policy should be adopted by this Court to protect a defendant's right to appeal and right to effective assistance of counsel. See *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

The State counters that the San Antonio Court of Appeals correctly applied the clear language of Rule 41(b)(2). The State maintains that *Sanchez* and *Boulos* erroneously relied on Rules 2(b) and 83 to suspend the requirements of Rule 41(b)(2). The State notes that another court of appeals has rejected the holdings of *Sanchez* and *Boulos.* See *Jones v. State,* 900 S.W.2d 421 (Tex. App.—Texarkana 1995, no pet.). The State seeks to distinguish the Texas Supreme Court cases relied on by Appellant because they involve amendments to timely filed defective appellate instruments. Finally, the State argues that *Evitts v. Lucey* is distinguishable because the present case involves appellate jurisdiction.

**2.** Rule 2(b) provides:
Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

**3.** Rule 83 provides:

In *Boulos* the court was faced with a situation similar to the present case. The court observed it had options other than dismissal for lack of jurisdiction, which it may deem appropriate in a particular case. *Boulos,* 775 S.W.2d at 9. The court held the exercise of its jurisdiction was authorized by Rules 2(b) and 83. *Ibid.* (citing *Jiles v. State,* 751 S.W.2d 620, 621 (Tex.App.—Houston [1st] 1988, pet. ref'd)).

In *Jiles* there was no written notice of appeal. The court in *Jiles* recognized that this Court had held in *Shute v. State,* 744 S.W.2d 96 (Tex.Cr.App.1988), that a court of appeals does not err in dismissing an appeal for lack of jurisdiction when there is no written notice of appeal. However, the Court of Appeals sought to distinguish *Shute* because this Court in *Shute* did not discuss whether a court of appeals could follow some other course of action. *Jiles,* 751 S.W.2d at 621. The Court of Appeals held it was authorized to accept jurisdiction under Rules 2(b) and 83. *Ibid.*

The court in *Sanchez,* like those in *Boulos* and the present case, was faced with a notice of appeal filed within the fifteen-day grace period but an untimely motion for extension of time. The Court of Appeals stated that the filing of the notice of appeal within the fifteen-day period necessarily implied a proper request for extension of time under Rule 41(b)(2). *Sanchez,* 885 S.W.2d at 445. The Corpus Christi Court of Appeals observed:

The rules of appellate procedure, as embodied by rule 83 and rule 2(b), favor a policy of having the Texas courts of appeals address cases on their merits, rather than allowing the courts to close their doors to appellants who, through no fault

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel.

of their own, fail to find their way successfully through the labyrinth of procedure.

*Id.* at 446.

The court held that the filing of the notice of appeal within the fifteen-day grace period vested that court with jurisdiction and that the lack of a timely filed motion for extension of time was curable under Rule 83, as the lack of a timely motion for extension of time was a procedural irregularity. *Ibid.*

We disagree with the Corpus Christi Court of Appeals' characterization of the lack of a timely filed motion for extension of time to file notice of appeal. It is not a mere procedural irregularity; it is a jurisdictional defect.

■ A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Rodarte v. State,* 860 S.W.2d 108 (Tex.Cr. App.1993); *Shute,* 744 S.W.2d 96. A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. Rule 41(b)(1). Rule 41(b)(2) allows for an exception: A court of appeals may grant an extension of time to file notice of appeal if the notice is filed within fifteen days after the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably explaining the need for the extension of time.

Therefore, we agree with the San Antonio and El Paso Courts of Appeals that a late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Jones,* 900 S.W.2d at 422; *Olivo,* 894 S.W.2d at 59; *Charles,* 809 S.W.2d at 576. When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Charles,* 809 S.W.2d at 576.

In considering Appellant's argument urging reliance on Rule 2(b), we first observe that the Texarkana Court of Appeals rejected the contention that Rule 2(b) allows a court faced with a situation similar to the present case to acquire jurisdiction. In doing so, the court cited Rule 2(a), which provides:

These rules shall not be construed to extend or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law.

*Jones,* 900 S.W.2d at 423.

In *Shute* and *Rodarte,* we held that a court of appeals has no jurisdiction without a timely, written notice of appeal pursuant to Rules 40(b)(1) and 41(b)(1). In *Garza v. State,* 896 S.W.2d 192 (Tex.Cr.App.1995), we held that a court of appeals has no authority to summarily reconsider and correct or modify its opinion or judgment beyond the fifteen-day period provided in Tex.R.App.Pro. 101 after a petition for discretionary review is filed, because at that point exclusive jurisdiction rests with this Court. If the Court of Appeals in *Jones* was correct in suggesting that Rule 2(a) prevents a court from using Rule 2(b) to suspend an appellate rule time limit as that would improperly extend the court's jurisdiction, then Rule 2(a) would also prevent Rules 40(b)(1), 41(b)(1), and 101 from *limiting* a court of appeals' jurisdiction. Moreover, under this interpretation, Rule 2(a) would prevent Rule 41(b)(2) from *extending* a court of appeals' jurisdiction even if a notice of appeal and motion for extension of time were filed in compliance with Rule 41(b)(2).

■ Jurisdiction concerns the power of a court to hear and determine a case. *Ex parte Watson,* 601 S.W.2d 350, 351 (Tex.Cr. App.1980). Jurisdiction is the right of a court to adjudicate the subject matter in a given case. *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Cr.App.1980). A court of appeals' jurisdiction is comprised of subject matter jurisdiction and personal jurisdiction, that is, jurisdiction over a specific appeal involving specific litigants. *Cf. Id.* (discussing jurisdiction of the subject matter and jurisdiction over the person in the trial context). Estab-

lishment of jurisdiction by law and invocation or attachment of jurisdiction in accordance with procedural rules are two distinct concepts.

Examples of laws that establish jurisdiction of courts of appeals are Tex. Const. Art. V, § 1 (courts in which judicial power is vested), Tex. Const. Art. V, § 6 (courts of appeals); V.T.C.A. Gov't Code §§ 21.001 (inherent power and duty of courts), 22.220 (civil jurisdiction), 22.201 (courts of appeals districts), 22.221 (writ power), 73.001–73.002 and 22.202(i) (transfer of courts of appeals' cases); and Articles 4.01 (courts with criminal jurisdiction) and 4.03 (courts of appeals), V.A.C.C.P.

■ This Court's rulemaking authority is found in Tex. Const. Art. V, § 31(c)[4], V.T.C.A. Gov't Code 22.108[5], and Article 44.33(a), V.A.C.C.P.[6] The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction; they provide procedures which must be followed by litigants to invoke the jurisdiction of the courts of appeals so a particular appeal may be heard. Consequently, Rule 2(a) does not prohibit a court of appeals from using Rule 2(b) to suspend the time limits imposed by Rule 41(b).[7] However, that does not end our examination of the role of Rule 2(b).

■ A court has jurisdiction to determine whether it has jurisdiction. *Ex parte Paprskar*, 573 S.W.2d 525, 527 (Tex.Cr.App.

1978), *overruled on other grounds, Weiner v. Dial*, 653 S.W.2d 786, 787 n. 1 (Tex.Cr.App. 1983). "Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist." *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex.Cr.App.1964). When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. In that instance, a court of appeals lacks jurisdiction over the purported appeal and, therefore, lacks the power to invoke Rule 2(b) or Rule 83 in an effort to obtain jurisdiction of the case. Consequently, a court of appeals may not utilize Rule 2(b) or Rule 83 to create jurisdiction where none exists. *Garza*, 896 S.W.2d at 194; *Charles*, 809 S.W.2d at 576; see *Jones v. State*, 796 S.W.2d 183, 187 (Tex.Cr.App.1990) (Rule 83 does not cure a notice of appeal that is not in compliance with Rule 40(b)(1)).

■ We next turn to Appellant's reliance on Texas Supreme Court cases dealing with appeal bonds and cash deposits in lieu thereof. The Texas Supreme Court has held, pursuant to Rule 83:

[A] court of appeals may not dismiss an appeal when the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportuni-

---

4. Article V, § 31(c), provides, "The legislature may delegate to the Supreme Court or Court of Criminal Appeals the power to promulgate such other rules as may be prescribed by law or this Constitution, subject to such limitations and procedures as may be provided by law."

5. Section 22.108 provides in part:

(a) The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.

(b) The court of criminal appeals may promulgate a comprehensive body of rules of posttrial, appellate, and review procedure in criminal cases and from time to time may promulgate a specific rule or rules of posttrial, appellate, or review procedure in criminal cases or an amendment or amendments to a specific rule or rules.

6. Article 44.33 provides in part, "The Court of Criminal Appeals shall make rules of posttrial and appellate procedure as to the hearing of criminal actions not inconsistent with this Code."

7. In *Garza* one of the defendant's arguments was that Rule 2(b) permits an appellate court to suspend the operation of Rule 101 and take additional time to render its opinion. We observed that the Court of Appeals did not purport to invoke Rule 2(b), so the defendant's argument was inapplicable. *Garza*, 896 S.W.2d at 194. We also stated, "However, Rule 2(a) specifically states that the Rules 'shall not be construed as to *extend* or limit the jurisdiction of the courts of appeal....' (emphasis added)." *Ibid.* Our mention of Rule 2(a) was dicta, because we concluded that the defendant's argument was inapplicable. Moreover, in *Garza* this Court did not explain how Rule 2(a) affected the defendant's argument.

ty to correct the error. *If the appellant timely files a document* in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.

*Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500 (emphasis added). In *Linwood* the appellant filed a notice of appeal, however he should have filed a cost bond. The appellant eventually filed a cost bond, although it was late. The Supreme Court held that the appellant should have been given an opportunity to correct the error by substituting the correct instrument, which the appellant did by filing the cost bond. *Linwood*, 885 S.W.2d at 103. The Supreme Court observed that the notice of appeal was timely filed. *Ibid.*

The liberal policy of the Supreme Court that Appellant would have this Court follow concerns the substitution of a correct instrument for an incorrect instrument, *which has been timely filed.* The civil courts have distinguished a timely filed defective instrument from the failure to timely file an instrument, such as a motion for extension of time. · See *Ludwig v. Enserch Corp.*, 845 S.W.2d 338 (Tex.App.—Houston [1st] 1992, no writ) (a court of appeals lacks jurisdiction when the cost bond is not timely filed and a motion to extend the filing period for the cost bond has not been filed within the fifteen-day grace period); see also *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982) (court of appeals has no authority to consider a motion for extension of time to file the record if the motion is not filed within the fifteen-day period); *Ballard v. Portnoy*, 886 S.W.2d 445 (Tex.App.—Houston [1st] 1994, no writ) (Rule 46f permits a court of appeals to allow an appellant to amend defects in a bond, but it does not authorize a court of appeals to permit the filing of an out-of-time bond); *El Paso Sharky's Billiard Parlor, Inc. v. Amparan*, 831 S.W.2d 3 (Tex.App.— El Paso 1992, writ denied) (cost bond filed thirteen days after it was due, without a corresponding motion for extension of time filed within the fifteen-day period, did not invoke the court of appeals' jurisdiction).

In the present case, Appellant's notice of appeal was late. Appellant did not timely file a motion for extension of time to file the notice of appeal. Consequently, even if this Court were to adopt the policy espoused in civil appeals, Appellant still failed to invoke the jurisdiction of the Court of Appeals.

In any event, we have previously rejected the approach suggested by Appellant. In *Jones*, 796 S.W.2d 183, the defendant pleaded guilty and was sentenced pursuant to a plea agreement. He filed a notice of appeal that did not comply with Rule 40(b)(1). *Id.* at 185. After the time expired to file a notice of appeal, the defendant filed an amended notice of appeal in compliance with Rule 40(b)(1), by specifying the matters raised in his pretrial motion and stating the court granted permission to appeal. *Id.* at 185–86. The court of appeals relied on Rule 83 and held that the appeal was properly before that court. *Id.* at 186. This Court disagreed and reasoned that Rule 40(b)(1) is a restrictive rule, regulating the extent of the grounds upon which a defendant can appeal. *Ibid.* The method of regulation is the nature of the notice of appeal filed by an appellant. *Ibid.* The notice of appeal invokes a court of appeals' jurisdiction. *Ibid.* If an appellant wishes to appeal a matter restricted by Rule 40(b)(1), then the notice of appeal must comply with that rule. *Ibid.* In *Jones* the defendant did not file a notice of appeal that would have permitted him to appeal the matter he sought to raise. *Id.* at 187. We further held that Rule 83 did not cure the defect. *Ibid.*

■ We have recognized differences between civil and criminal cases in attachment of jurisdiction in the trial context.

Unlike in civil cases where personal jurisdiction over a party may be had merely by that party's appearance before the court, Rule 120, Vernon's Texas Rules of Civil Procedure, criminal jurisdiction over the person cannot be conferred upon the district court solely by the accused's appearance, but requires the due return of a felony indictment, or the accused's *personal* affirmative waiver thereof and the re-

turn of a valid felony information upon complaint.

*Garcia v. Dial,* 596 S.W.2d at 527. In criminal cases, "[j]urisdiction cannot be 'substantially' invoked; it either attaches or it does not." *Drew v. State,* 743 S.W.2d 207, 223 (Tex.Cr.App.1987). Therefore, we decline to adopt the civil appellate approach urged by Appellant.

■ Finally, we turn to *Evitts v. Lucey,* relied on by Appellant. In *Evitts v. Lucey* the defendant's counsel timely filed a notice of appeal, but counsel neglected to file a statement of appeal, containing information about the appeal, as required by the Kentucky Rules of Appellate Procedure. The appellate court dismissed the appeal due to the lack of a statement of appeal. The defendant, Lucey, then sought federal habeas corpus relief, which was granted by the United States District Court and upheld by the Sixth Circuit Court of Appeals. The United States Supreme Court agreed Lucey was entitled to relief because he was deprived of effective assistance of counsel on appeal and was therefore denied due process. *Evitts v. Lucey,* 469 U.S. at 397, 105 S.Ct. at 837, 83 L.Ed.2d at 831.

In conjunction with its discussion of *Evitts v. Lucey,* the Court of Appeals in *Jiles* reasoned:

When a procedural rule setting jurisdictional time limits conflicts with sixth amendment rights, the Court of Criminal Appeals has held that "the procedural rule must yield to the superior constitutional right." *Whitmore v. State,* 570 S.W.2d 889, 898 (Tex.Crim.App.1978). Thus, in *Whitmore,* the trial court had a duty to

grant a motion for new trial that was filed after the trial court had lost jurisdiction because a vital sixth amendment right would otherwise have been lost. Rules 83 and 2(b) expressly allow the same result for the appellate courts that *Whitmore* requires of the trial courts.

*Jiles,* 751 S.W.2d at 622.

In this Court's *Jones* case, the defendant argued that *Evitts v. Lucey* authorized the court of appeals to waive the Rule 40(b)(1) defect in the notice of appeal, but we concluded *Evitts v. Lucey* was distinguishable. *Jones,* 796 S.W.2d at 187. We stated that the appellate rule involved in *Evitts v. Lucey* was not jurisdictional, but compliance with Rule 40(b)(1) is necessary for an appellant to avoid statutory restrictions on the right to appeal. *Id.* (citing *Evitts v. Lucey,* 469 U.S. at 389, 105 S.Ct. at 832, 83 L.Ed.2d at 825).

■ Additionally, this Court revisited *Whitmore* in *Drew.* First, we observed that the Court in *Whitmore* was badly split. *Drew,* 743 S.W.2d at 224. Second, we pointed out that at the time of *Whitmore* the trial court retained jurisdiction until the appellate record was filed in this Court and, under the statute in effect at the time, the trial court could extend the time to file a motion for new trial on a showing of good cause. *Ibid.* Finally, we stated, "Further, and most important, the claimed deprivation of constitutional rights, federal or state, cannot confer jurisdiction upon a court where none exists any more than parties can by agreement confer jurisdiction upon a court." *Id.* at 225. Therefore, *Evitts v. Lucey* does not lead to the conclusion that the Court of Appeals in the case at hand had jurisdiction.[8]

---

8. The San Antonio Court of Appeals has also held it could not rely on *Evitts v. Lucey* to allow the defendant to proceed with an appeal when the notice of appeal was filed within the fifteen-day grace period without a timely motion for extension of time. *Charles,* 809 S.W.2d at 576. In doing so, the Court of Appeals commented:

The concerns expressed by the Supreme Court in *Evitts* are adequately addressed through safeguards contained in our Rules of Appellate Procedure. An indigent appellant may obtain a free statement of facts. Rule 53(j). Appellate courts may inquire into the absence of a statement of facts, rule 53(m), and the absence of an appellant's brief, rule 74(*l*). An appel-

late court may allow the late filing of a transcript or statement of facts on a showing that otherwise the appellant may be deprived of effective assistance of counsel. Rule 83. In order to provide for any unforeseen non-jurisdictional situation, an appellate court may suspend requirements and provisions of any rule in a particular case in the interest of expediting a decision or for other good cause shown, except as otherwise provided by the rules. Rule 2(b). Indeed, the rules provide for the late filing of a notice of appeal, up to a point. Rule 41(b)(2).

*Id.* at 576 n. 3.

We further point out that the denial of a meaningful appeal due to ineffective assistance of

In the present case, because no motion for extension of time was filed within the time set out in Rule 41(b)(2), in conjunction with the notice of appeal, the Court of Appeals correctly concluded it lacked jurisdiction over the appeal. Accordingly, the judgment of the Court of Appeals is affirmed.

CLINTON and OVERSTREET, JJ., concur in the result.

counsel is a proper ground for habeas corpus relief. See, e.g., *Ex parte Axel,* 757 S.W.2d 369 (Tex.Cr.App.1988). The courts of appeals in *Sanchez, Boulos,* and *Jiles* expressed concerns about delay and judicial economy, and those courts sought to avoid post-conviction relief claims. *Sanchez,* 885 S.W.2d at 445; *Boulos,* 775 S.W.2d at 9; *Jiles,* 751 S.W.2d at 622. Additionally, the El Paso Court of Appeals in *Jones,* although holding it lacked jurisdiction, stated, "Were we writing on a clean slate, we would grant an out-of-time appeal under these facts and consider the case on the merits." *Jones,* 900 S.W.2d at 423. We agree with the observation of the San Antonio Court of Appeals: "Acting in the interest of judicial economy is worthwhile. However, the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX.CODE CRIM.PROC. art. 11.07. *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241 (Tex. Crim.App.1991)." *Charles,* 809 S.W.2d at 576.