No. 04-99-00183-CR



Kenneth CUNNINGHAM,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District, Bexar County, Texas 


Trial Court No. 97-CR-6005-A


Honorable Sid L. Harle, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: May 5, 1999


DISMISSED FOR WANT OF JURISDICTION


 Sentence was imposed in the above numbered cause on August 10, 1998. Appellant did not
file a motion for new trial; thus, the notice of appeal was due to be filed no later than September 9,
1998. Tex. R. App. P. 26.2 (a)(1). A motion for extension of time to file the notice of appeal was
due on September 24, 1998. Tex. R. App. P. 26.3. Appellant filed both a notice of appeal and a
motion for leave to file late notice of appeal on March 16, 1999.

 A court of appeals' jurisdiction is invoked by a timely, written notice of appeal. Shute v.
State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). Notice of appeal is timely if filed within thirty
days of the day sentence is imposed or suspended in open court, ninety days if a timely motion for
new trial is filed. Tex. R. App. P. 26.2. A late notice of appeal may be deemed timely and would
invoke a court of appeals' jurisdiction to entertain the appeal if (1) it is filed within fifteen days of
the last day allowed for filing, (2) a motion for extension of time reasonably explaining the need for
the extension is filed in the court of appeals within fifteen days of the last day allowed for filing the
notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996); See Tex. R. App. P. 26.3. Compliance with the first
two requirements allows the court of appeals to act on the motion for extension of time. Here,
neither a notice of appeal nor a motion for extension of time was filed within fifteen days after the
last day allowed by our first extension of time. Accordingly, we lack jurisdiction over the appeal.
Olivo, 918 S.W.2d at 522.

 The appellant in a criminal case may pursue an out-of-time appeal by filing a writ of habeas
corpus with the Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 1997); Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991);
Charles v. State, 809 S.W.2d 574, 576 (Tex. App.--San Antonio 1991, no pet.).

 The appeal is dismissed for lack of jurisdiction.


 PER CURIAM

DO NOT PUBLISH