99-852 thru 856 Kite v State of Texas.wpd



Nos. 04-99-00852-CR; 04-99-00853-CR; 04-99-00854-CR;


04-99-00855-CR; 04-99-00856-CR


Steven Joseph KITE,


Appellant


v.


The STATE of Texas,


Appellee


From the 227th Judicial District Court, Bexar County, Texas


Trial Court Nos. 96-CR-1976; 96-CR-2457; 96-CR-2697; 96-CR-5203; 98-CR-4634


Honorable Philip A. Kazen, Jr., Judge Presiding


PER CURIAM


Sitting: Tom Rickhoff, Justice 

 Alma L. López, Justice

 Catherine Stone, Justice 

Delivered and Filed: February 29, 2000

DISMISSED FOR LACK OF JURISDICTION

 In these causes, appellant was sentenced on August 20, 1999. Because appellant did not file
motions for new trial, his notices of appeal were due on September 20, 1999. See Tex. R. App. P.
26.2(a)(1). Motions for extension of time to file the notices of appeal were due on October 5, 1999.
See Tex. R. App. P. 26.3. Appellant filed his notices of appeal on November 17, 1999, and his
motions for extension of time on November 24, 1999. Because it appeared that appellant's notices
of appeal and motions for extension of time were untimely, we ordered him to show cause why these
appeals should not be dismissed for lack of jurisdiction. Appellant has not responded. We lack
jurisdiction over an appeal when the appellant fails to file a timely notice of appeal or a timely motion
for extension of time. See Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996).(1) We therefore
dismiss the appeals and deny appellant's motions for extension of time and for appointment of
counsel.

 PER CURIAM

DO NOT PUBLISH


1. The appropriate vehicle for obtaining an out-of-time appeal from a final felony conviction is by writ of habeas
corpus pursuant to article 11.07 of the Code of Criminal Procedure. Ater v. Eighth Court of Appeals, 802 S.W.2d 241
(Tex. Crim. App. 1991); Charles v. State, 809 S.W.2d 574, 576 (Tex. App.--San Antonio 1991, no pet.).