No. 04-99-00817-CR



Vegene McGARITY,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-5384


Honorable Raymond Angelini, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 

Delivered and Filed: March 15, 2000


APPEAL DISMISSED FOR LACK OF JURISDICTION 


 Appellant, Vegene McGarity, was convicted of the offense of delivery of cocaine, one gram
or more but less than four grams. McGarity pleaded no contest to this offense on April 13, 1998,
pursuant to a plea bargain. That same day, the trial court accepted McGarity's plea, adjudicated him
guilty, and set the cause for a pre-sentence investigation. After receiving the pre-sentence
investigation report, the trial court sentenced McGarity in accordance with his plea bargain to six
years in prison.

 Prior to these proceedings, however, McGarity filed a pro se notice of appeal--on March 6,
1998. Because our initial review of this appeal indicated that we did not have jurisdiction over this
appeal because the notice of appeal was prematurely filed, we ordered the appellant's attorney to
show cause why the appeal should not be dismissed for lack of jurisdiction. The attorney's response
indicated that the notice of appeal had been filed prior to the entry of the judgment, but stating no
reason why the appeal should not be dismissed for lack of jurisdiction.

 Depending on when it was filed, a prematurely filed notice of appeal, may or may not be
effective to invoke the jurisdiction of the court of appeals. Specifically, Rule 27.1 of the rules of
appellate procedure provides:

 In a criminal case, a prematurely filed notice of appeal is effective and deemed filed
on the same day, but after, sentence is imposed or suspended in open court, or the
appealable order is signed by the trial court. But a notice of appeal is not effective if
filed before the trial court makes a finding of guilt or receives a jury verdict.

Tex. R. App. P. 27.1 (emphasis added). Here, McGarity filed his notice of appeal on March 6, 1998,
more than one month before the trial court made a finding of guilt. Because McGarity filed his
notice of appeal before he was found guilty, the notice was ineffective to invoke this court's
jurisdiction. As a result, we dismiss this appeal for lack of jurisdiction.(1)


 PER CURIAM

DO NOT PUBLISH


1. The appropriate vehicle for obtaining an out-of-time appeal from a final felony conviction is by an application
for writ of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure. Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Charles v. State, 809 S.W.2d 574, 576 (Tex. App.-San Antonio 1991,
no pet.).