v00154









 
 
 
NUMBER 13-03-770-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI - EDINBURG
                                                                                                                      
DOMINIQUE URIBE,                                                                     Appellant,

v.
 
THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      
On appeal from the 117th Judicial District Court
of Nueces County, Texas
                                                                                                                      
MEMORANDUM OPINION
Before Chief Justice Valdez and Justices Hinojosa and Garza
Opinion Per Curiam
 
          On November 7, 2003, appellant, Dominique Uribe, was sentenced for convictions
on four counts of indecency with a child. His notice of appeal was due to be filed on
December 8, 2003. See Tex. R. App. P. 26.2(a)(1). A motion for extension of time to file
the notice of appeal was due on December 23, 2003. See Tex. R. App. P. 26.3. 
Appellant’s notice of appeal was received by this Court on December 30, 2003. On
January 7, 2004, appellant’s newly-appointed counsel filed a motion and a first-amended
motion requesting leave to file the notice of appeal out-of-time. 
          A timely notice of appeal is required to invoke our jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). The notice of appeal is timely if filed within thirty
days after the sentence is imposed or suspended in open court, or within ninety days after
sentencing if the defendant timely files a motion for a new trial. Tex. R. App. P. 26.2; see
Olivo, 918 S.W.2d at 522. A late notice of appeal may be considered timely only where:
(1) it is filed within fifteen days of the last day allowed for filing, (2) a motion
for extension of time is filed in the court of appeals within fifteen days of the
last day allowed for filing the notice of appeal, and (3) the court of appeals
grants the motion for extension of time.

Olivo, 918 S.W.2d at 522; see Tex. R. App. P. 26.3. Absent a timely-filed motion for
extension of time, we lack jurisdiction. Olivo, 918 S.W.2d at 522.
          Here, no motion for extension of time was timely filed. Accordingly, we lack
jurisdiction over the appeal. See id. Appellant may pursue an out-of-time appeal by filing
an application for writ of habeas corpus with the court of criminal appeals pursuant to
article 11.07 of the code of criminal procedure. See Tex. Crim. Proc. Code Ann. art. 11.07
(Vernon Supp. 2004); see also Olivo, 918 S.W.2d at 525 n.8 (exclusive post-conviction
remedy in final felony convictions is through writ of habeas corpus pursuant to article
11.07); Charles v. State, 809 S.W.2d 574, 576 (Tex. App.–San Antonio 1991, no writ)
(where appeal dismissed for lack of timely motion for extension of time to file notice of
appeal, appropriate procedure is post-conviction writ of habeas corpus pursuant to article
11.07).
          Appellant’s first amended motion for leave to file notice of appeal out-of-time is
dismissed for lack of jurisdiction.
 
                                                                                                PER CURIAM
 
Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed 
this the 29th day of January, 2004.