NO. 07-09-0147-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2009

______________________________

ERIC LEE DIAZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16202-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.  

MEMORANDUM OPINION

Appellant Eric Lee Diaz appeals from the March 24, 2009 revocation of his probation.  Appellant filed his notice of appeal with the trial court on May 7 and, on May 11, filed with this Court his motion for extension of time to file his notice of appeal.
(footnote: 1)

A late notice of appeal is considered timely and thus invokes the appellate court's jurisdiction in a criminal appeal if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. 
Olivo v. State
, 918 S.W.2d 519 (Tex.Crim.App.1996).  When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. 
Id. 
at 522, 
citing Charles v. State,
 809 S.W.2d 574, 576 (Tex.App.–San Antonio 1991, no pet.). 

The Texas Court of Criminal Appeals applies Rule 26.3 of the Texas Rules of Appellate Procedure strictly
, Olivo, 
918 S.W.2d at 522-26; 
Tex. R. App. P. 26.3, and has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. 
See Olivo
, 918 S.W.2d at 522; 
see also Slaton v. State
, 981 S.W.2d 208, 209 n.3 (Tex.Crim.App.1998).

The clerk’s record has been filed.  It contains no motion for new trial.  According to Rule 26.2 of the Texas Rules of Appellate Procedure and the case law, then, appellant had thirty days after the day sentence was imposed to file notice of appeal.  See Tex. R. App. P. 21.4, 26.2(a)(1).  Appellant’s probation was revoked on March 24, 2009, giving appellant until April 23 to file a notice of appeal.   Appellant filed his notice of appeal on May 7, fourteen days after the April 23 deadline.  However, appellant did not file a motion for extension of time to file his notice of appeal as required until May 11, eighteen days after the deadline on which to file his notice.  Hence, this appeal is untimely, and we are without jurisdiction to hear it. 

Accordingly, we must, and do dismiss this appeal for want of jurisdiction.
(footnote: 2)

Per Curiam

Do not publish.  

FOOTNOTES
1:
1 
Appellant filed an amended motion to correct the cited appellate rule on May 22.

2:
2 
Appellant may seek permission to file an out-of-time appeal from the Court of Criminal Appeals.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2007).