# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00365-CV

**In re Henry Lee Johns**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Henry Lee Johns, appearing pro se, has filed a petition for writ of mandamus. However, the sole relief sought in the petition is "relief from confinement due to being wrongfully convicted" of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008). Johns challenges his felony conviction on a number of grounds.[1]

An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2008) (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to the court of criminal appeals). The court of criminal appeals has recognized that "the exclusive

---

[1] Johns also appealed his conviction to this Court in 1999. *See Johns v. State*, No. 03-99-00731-CR, 2000 Tex. App. LEXIS 4601 (Tex. App.—Austin 2000, no pet.) (not designated for publication).

post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)). We are also not authorized under section 22.221 of the government code to consider an original, post-conviction application for writ of habeas corpus. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (describing writ power of intermediate courts of appeals).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding, we dismiss relator's petition for writ of mandamus.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed:   July 8, 2009

2