# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00322-CV

**In re Timothy Bailey**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Timothy Bailey, appearing pro se, has filed a petition with this Court, which we have filed as a petition for writ of mandamus. The basis of Bailey's petition, however, is that he "is being illegally detained from his liberty by the State of Texas on a void conviction" for driving while intoxicated, enhanced by two prior convictions. *See* Tex. Penal Code Ann. § 49.04 (West 2003) (offense of driving while intoxicated), § 49.09 (West Supp. 2007) (driving while intoxicated, when enhanced by two prior convictions for same, is third-degree felony). The petition further states, "Appellant prays this Honorable Court of appeals will grant this Writ of Habeas Corpus in the Interest of Justice."

An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2008) (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to the

court of criminal appeals). The court of criminal appeals has recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)). We are also not authorized under section 22.221 of the government code to consider an original, post-conviction application for writ of habeas corpus. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (describing writ power of intermediate courts of appeals).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding, we dismiss relator's petition for writ of mandamus.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: July 9, 2009

2