# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00700-CV

**In re Henry Lee Johns**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Henry Lee Johns, appearing pro se, has filed a petition for writ of mandamus. In this petition, Johns raises a number of issues challenging his 1999 criminal conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008).[1]

An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2008) (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to the court of criminal appeals). The court of criminal appeals has recognized that "the exclusive

---

[1] Johns appealed his conviction to this Court in 1999. *See Johns v. State*, No. 03-99-00731-CR, 2000 Tex. App. LEXIS 4601 (Tex. App.—Austin July 13, 2000, no pet.) (not designated for publication). He has also previously filed a petition for mandamus seeking to overturn his conviction. *See In re Johns*, No. 03-09-00365-CV, 2009 Tex. App. LEXIS 5367 (Tex. App.—Austin July 8, 2009) (orig. proceeding) (not designated for publication).

post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)). We are also not authorized under section 22.221 of the government code to consider an original, post-conviction application for writ of habeas corpus. *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (describing writ power of intermediate courts of appeals).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding, we dismiss relator's petition for writ of mandamus.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed:   December 18, 2009

2