Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00706-CR

Martin **BUENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 08-04-00013-CRF
Honorable Donna S. Rayes, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  October 27, 2010

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence on Martin Bueno on May 18, 2010, and Bueno timely filed a motion for new trial. The notice of appeal was therefore due August 16, 2010, ninety days after sentence was imposed, or a motion for extension of time, filed in this court, and a notice of appeal, filed in the trial court, were due fifteen days later on August 31, 2010. *See* TEX. R. APP. P. 26.2, 26.3. Both the notice of appeal and a motion for extension of time must be timely filed in the proper court in order to invoke court's jurisdiction. *See* TEX. R. APP. P. 26.3; *Olivo v. State*,

918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Douglas v. State*, 987 S.W.2d 605, 606 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Bueno did not file his notice of appeal or motion for extension of time until October 1, 2010. His motion for extension of time states the notice of appeal was mailed to the Frio County District Clerk on June 23, 2010, but was not delivered. Appellant seeks an out-of-time appeal.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal). This court is without authority to grant an out-of-time appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to article of the Texas Code of Criminal Procedure. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991); *see Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)(explaining that writ of habeas corpus pursuant to article 11.07 governs out-of-time appeals from felony convictions).

Accordingly, we deny the motion for extension of time to file the notice of appeal and dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH