TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00137-CV






In re Jeffrey Steven Marx






ORIGINAL PROCEEDING FROM BURNET COUNTY




M E M O R A N D U M O P I N I O N



 Jeffrey Steven Marx, appearing pro se, has filed a petition for writ of mandamus. In
his petition, Marx challenges his felony conviction for aggravated sexual assault of a child on a
number of grounds, requesting relief in the form of acquittal or a new trial. (1)

 An intermediate court of appeals has no jurisdiction over post-conviction applications
for writ of habeas corpus in felony cases. See Ex parte Martinez, 175 S.W.3d 510, 512-13
(Tex. App.--Texarkana 2005, orig. proceeding); Self v. State, 122 S.W.3d 294, 294-95
(Tex. App.--Eastland 2003, no pet.); see also Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp.
2010) (post-conviction applications for writ of habeas corpus, for felony cases in which death penalty
was not assessed, must be filed in court of original conviction and made returnable to the court of
criminal appeals). The court of criminal appeals has recognized that "the exclusive post-conviction
remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to
[article] 11.07." Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting
Charles v. State, 809 S.W.2d 574, 576 (Tex. App.--San Antonio 1991, no pet.)). We are also not
authorized under section 22.221 of the government code to consider an original, post-conviction
application for writ of habeas corpus. See Tex. Gov't Code Ann. § 22.221 (West 2004) (describing
writ power of intermediate courts of appeals). 

 Because we have no jurisdiction over what is in effect a post-conviction habeas
corpus proceeding, we dismiss relator's petition for writ of mandamus.



___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed: April 8, 2011


1. Marx also appealed his conviction to this Court in 1997. See Marx v. State, 953 S.W.2d
321 (Tex. App.--Austin 1997), aff'd, 987 S.W.2d 577 (Tex. Crim. App. 1999).