# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00137-CV

**In re Jeffrey Steven Marx**

### ORIGINAL PROCEEDING FROM BURNET COUNTY

## M E M O R A N D U M   O P I N I O N

Jeffrey Steven Marx, appearing pro se, has filed a petition for writ of mandamus. In his petition, Marx challenges his felony conviction for aggravated sexual assault of a child on a number of grounds, requesting relief in the form of acquittal or a new trial.[1]

An intermediate court of appeals has no jurisdiction over post-conviction applications for writ of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010) (post-conviction applications for writ of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to the court of criminal appeals). The court of criminal appeals has recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting

---

[1] Marx also appealed his conviction to this Court in 1997. *See Marx v. State*, 953 S.W.2d 321 (Tex. App.—Austin 1997), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App. 1999).

*Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)).  We are also not authorized under section 22.221 of the government code to consider an original, post-conviction application for writ of habeas corpus.  *See* Tex. Gov't Code Ann. § 22.221 (West 2004) (describing writ power of intermediate courts of appeals).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding, we dismiss relator's petition for writ of mandamus.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed:   April 8, 2011