# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00484-CV

**In re Anthony Lynn Falco**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Anthony Falco, an inmate, filed a *pro se* petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). In the petition, Falco challenges his unnamed felony conviction on a number of grounds. His petition requests that this court "direct [the] Trial Court to dismiss all [of his] sentence and release [him] immediately . . . [because his] sentence was illegal—thus a wrongful conviction." We take this to be a post-conviction application for writ of habeas corpus.

An intermediate court of appeals has no jurisdiction over post-conviction applications for writ of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *see also Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.). The court of criminal appeals has recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through writ of habeas corpus pursuant to [article] 11.07." *Olivio v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding, we dismiss relator's petition for writ of mandamus.

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton, and Henson

Filed:  August 16, 2012

Do Not Publish