# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00024-CV

**In re William Cooper**

## ORIGINAL PROCEEDING FROM HARRIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator William Cooper, an inmate, filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). In the petition, Cooper challenges his conviction for burglary of a habitation on a number of grounds, including alleged insufficiency of the evidence, newly discovered evidence, and due process violations. The petition and attached documents indicate that Cooper was convicted in the 176th District Court of Harris County. His petition requests that this Court provide him with counsel and "issue an injunction for disposition related to the merits on all other claims."

As an initial matter, we note that this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See id.* § 22.221 (West 2004). Harris County is not within this Court's district. Therefore, to the extent Cooper seeks a writ of mandamus against his convicting court, we lack the authority to issue such a writ. *See id.*

Furthermore, Cooper's petition appears to be a post-conviction application for writ of habeas corpus. An intermediate court of appeals has no jurisdiction over post-conviction

applications for writ of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *see also Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.). The court of criminal appeals has recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding from Harris County, we dismiss Cooper's petition for writ of mandamus.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   March 6, 2013

2