# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00312-CV

### In re Catherine L. Marston, Ph.D.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Catherine L. Marston, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus in this Court raising several complaints related to her 2005 convictions for burglary of a habitation and violation of a protective order. *See Marston v. State*, No. 11-05-00358-CR, 2007 WL 3197743 (Tex. App.—Eastland Nov. 1, 2007, pet. ref'd) (mem. op., not designated for publication) (affirming Marston's convictions).[1]  In her mandamus petition, Marston challenges her convictions on a number of grounds and requests that this Court "grant habeas relief: release and exoneration." Marston also appears to assert that the district clerk has failed to provide her with complete copies of the clerk's record and reporter's record from her criminal proceeding despite the fact that Marston has allegedly paid for these records.

To the extent that Marston's petition appears to be a post-conviction application for writ of habeas corpus, we lack jurisdiction to consider it.  An intermediate court of appeals has no

---

[1] Marston's direct appeal from these convictions was transferred from this Court to the Eleventh Court of Appeals as part of the Texas Supreme Court's docket-equalization activities. *See* Tex. Gov't Code § 73.001.

jurisdiction over post-conviction applications for writ of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. art. 11.07; *see also Ex parte Martinez*, 175 S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294–95 (Tex. App.—Eastland 2003, no pet.). The court of criminal appeals has recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)). Therefore, to the extent that Marston seeks an order from this Court to vacate her previous convictions, we lack the jurisdiction to grant such relief.

Similarly, to the extent Marston's petition seeks an order to compel the district clerk to provide her with complete copies of the clerk's record and reporter's record from her criminal trial, Marston has failed to demonstrate that we have jurisdiction to issue such an order. This Court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits our mandamus jurisdiction to: (1) writs against a district court judge or a county court judge in this Court's district, and (2) all writs necessary to enforce this Court's jurisdiction. Tex. Gov't Code § 22.221. A district clerk is not, of course, a district court judge or county court judge. Nor is the issuance of a writ against the district clerk in this case necessary to enforce this Court's jurisdiction. *See In re Strickhausen*, 994 S.W.2d 936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Accordingly, Marston's petition for writ of mandamus is dismissed for want of jurisdiction.

2

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Filed: August 13, 2014