BRIAN MILLSAP V. SHOW TRUCKS USA, INC.





NO. 07-99-0223-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 30, 1999


______________________________



BRIAN MILLSAP,




 Appellant


V.



SHOW TRUCKS USA, INC., 




 Appellee

_________________________________



FROM THE 86TH DISTRICT COURT OF KAUFMAN COUNTY;



NO. 53435; HON. GLEN M. ASHWORTH, PRESIDING


_______________________________ 


BOYD, C.J., and QUINN and REAVIS, JJ.

 Following appellant's failure to timely file a brief in this cause, we notified him on
July 21, 1999 that his appeal would be dismissed, pursuant to Texas Rule of Appellate
Procedure 42.3, unless he responded within ten days and showed good cause for
continuing the appeal. Because of a clerical error in the July 21 notice, we again notified
appellant to show good cause as to why the appeal should not be dismissed. Appellant's 

response was due August 13, 1999. To date, appellant has failed to respond. We
accordingly dismiss this appeal for want of prosecution pursuant to Texas Rules of
Appellate Procedure 38.8(a)(1) and 42.3(b) and (c).


 Brian Quinn

 Justice



Do not publish.



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-11-0224-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JUNE
17, 2011

                                            ______________________________

 

                                                           EARNEST
MANLEY,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                         _________________________________

 

                     FROM
THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 

                            NO.
98-427550; HON. JIM BOB DARNELL, PRESIDING

                                           _______________________________

 

                                                             Order
of Dismissal

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Earnest Manley, appellant,
attempts to appeal his conviction for aggravated robbery.  The court
imposed sentence on November 6, 1998.  His
notice of appeal was filed on May 6, 2011. 
We dismiss for want of jurisdiction.








To be timely, a notice of appeal must be filed
within thirty days after the sentence is imposed or suspended in open court or
within ninety days after that date if a motion for new trial is filed.  Tex. R. App. P. 26.2(a).  Therefore, the notice of appeal was due on
December 7, 1998.  

A timely filed notice of appeal is essential to
invoke our appellate jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action
other than to dismiss the proceeding.  Id. at 523. 
Appellant's notice being untimely filed, we have no jurisdiction over
the matter and dismiss the appeal.

Accordingly, appellant=s
appeal is dismissed.[1]

 

Brian
Quinn 

       Chief Justice 

 

 

 

Do not publish.











[1]The appropriate vehicle for seeking
an out‑of‑time appeal from a final felony
conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).