No. 04-99-00591-CR

Emil HEMPHILL,

Appellant

v.

The STATE of Texas,

Appellee

From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 96-CR-4836

Honorable Sharon MacRae, Judge Presiding

PER CURIAM

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Karen Angelini, Justice

Delivered and Filed: October 20, 1999

DISMISSED FOR WANT OF JURISDICTION

 On August 30, 1999, we ordered appellant to show cause why his appeal should not be
dismissed for want of jurisdiction because his notice of appeal was not timely filed. Appellant
responded by stating that he was sentenced in two separate cause numbers on the same date. He filed
a timely pro se notice of appeal in one of the cases believing such notice would apply to both cases.
It was not until later that his attorney filed a notice of appeal in this case.

 Tex. R. App. P. 25(d) provides that a notice of appeal must identify the trial court and state
the case's trial court number and style. See Tex. R. App. P. 25(d)(1). Further, Rule 25(b) provides
that "the filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all
parties to the trial court's judgment or order appealed from." See Tex. R. App. P. 25(b) (emphasis
ours). Accordingly, a notice of appeal that does not adequately identify one of the orders or
judgments being appealed is not sufficient to invoke the jurisdiction of this court as to that order or
judgment. If appellant's pro se notice of appeal was to be considered sufficient to invoke this court's
jurisdiction over the judgment at issue, it would have had to specifically identify that judgment. It
did not. 

 Because the notice of appeal indicating appellant's desire to appeal the judgment at issue was
not timely filed, this appeal is dismissed for want of jurisdiction. See Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996). 

 PER CURIAM


DO NOT PUBLISH