NO. 07-01-0347-CR

NO. 07-01-0348-CR

NO. 07-01-0349-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 4, 2001

_____

ANTHONY RAY ARCHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 41,448-A, 41,450-A, 41,452-A ; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Anthony Ray Archer attempts to appeal three separate convictions, after guilty pleas, of aggravated robbery for which he was sentenced to 15 years confinement in the Institutional Division of the Department of Criminal Justice on each charge. However, we must dismiss the appeals for want of jurisdiction.

In each case, sentence was pronounced in open court on February 9, 2001, but appellant's notices of appeal were not filed until August 21, 2001. A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(1). An appellate court may extend the time to file a notice of appeal if a motion seeking an extension of time is filed within 15 days after the deadline for filing the notice of appeal. Tex. R. App. P. 26.3. In this instance, appellant did not file his notices of appeal until at least five months after the deadline for doing so, and he did not file a motion for extension of time.

Because the notices of appeal were not timely filed, we have no jurisdiction to consider these appeals. Accordingly, we must and do hereby dismiss these appeals.

Per Curiam

Do not publish.

2