NO. 07-01-0347-CR


NO. 07-01-0348-CR


NO. 07-01-0349-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 4, 2001



______________________________




ANTHONY RAY ARCHER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NOS. 41,448-A, 41,450-A, 41,452-A ; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Anthony Ray Archer attempts to appeal three separate convictions, after
guilty pleas, of aggravated robbery for which he was sentenced to 15 years confinement
in the Institutional Division of the Department of Criminal Justice on each charge. 
However, we must dismiss the appeals for want of jurisdiction.

 In each case, sentence was pronounced in open court on February 9, 2001, but
appellant's notices of appeal were not filed until August 21, 2001. A timely filed notice of
appeal is essential to invoke our appellate jurisdiction. Olivo v. State, 918 S.W.2d 519,
522 (Tex.Crim.App. 1996). To be timely, a notice of appeal must be filed within 30 days
after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(1). An
appellate court may extend the time to file a notice of appeal if a motion seeking an
extension of time is filed within 15 days after the deadline for filing the notice of appeal. 
Tex. R. App. P. 26.3. In this instance, appellant did not file his notices of appeal until at
least five months after the deadline for doing so, and he did not file a motion for extension
of time. 

 Because the notices of appeal were not timely filed, we have no jurisdiction to
consider these appeals. Accordingly, we must and do hereby dismiss these appeals. 

 Per Curiam

Do not publish. 



/SPAN>


 Don H. Reavis

 Justice



Do not publish.

1. Documents in the record refer to appellant as Keenon and Kennan; however, our
opinion will reflect appellant's name as it appears in the trial court's judgment.