NO. 07-02-0101-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 4, 2002
_____

CECIL R. TRIMBLE AKA CECIL R. MCcDONALD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434,614; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Cecil R. Trimble aka Cecil R. "MccDonald [sic]" (appellant) attempts to appeal *pro se* from his conviction for murder in the 364th District Court of Lubbock County, Texas. For the reasons set out, we must dismiss for lack of jurisdiction.

Although appellant states in his notice of appeal that the final judgment of the trial court was in June, 2001, we have received a certificate from the court clerk indicating that sentence was imposed in open court on July 18, 2001. Furthermore, the clerk represents that a motion for new trial was filed. Appellant's notice of appeal was not filed until February 25, 2002. A timely filed notice of appeal is essential to invoke our appellate

jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a notice of appeal must be filed within 30 days after the date sentence is imposed or suspended in open court or within 90 days after the date sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). An appellate court may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, a party files in the trial court the notice of appeal and a motion seeking an extension of time with the appellate court. TEX. R. APP. P. 26. 3. Appellant's notice of appeal was not filed until over seven months after the date his sentence was pronounced in open court, and no timely motion for extension of time was filed with this court.

Because the notice of appeal was not timely filed, we have no jurisdiction to consider the appeal. Accordingly, we must and do hereby dismiss this appeal.[1]

Per Curiam

Do not publish.

---

[1]However, appellant may have a remedy by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals pursuant to article 11. 07 of the Texas Code of Criminal Procedure for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2001).