In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00066-CR


______________________________




VIRDIS L. BONNER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 96-F-343-202




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Virdis Bonner appeals his conviction for assault on a public servant, enhanced by a prior
felony conviction. The jury assessed his punishment at ten years' imprisonment, which the trial court
ordered to run consecutively with a sentence Bonner was serving in a federal prison. The trial court
sentenced Bonner on February 20, 2002.

 Bonner did not file a motion for new trial; therefore, his Notice of Appeal was due by
March 22, 2002, or with a proper request for an extension, by April 8, 2002. Tex. R. App. P.
26.2(a)(1), 26.3. Bonner filed his Notice of Appeal pro se on April 2, 2002, and the record does not
show he filed a request for an extension. There is nothing in the record showing the mailbox rule
applies to make the Notice of Appeal timely. See Tex. R. App. P. 9.2(b).

 Therefore, because Bonner did not file a timely notice of appeal, this court lacks jurisdiction
over this appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). (1) The appeal is
dismissed for want of jurisdiction.



 Ben Z. Grant

 Justice


Date Submitted: April 26, 2002

Date Decided: April 26, 2002


Do Not Publish
1. In Olivo, the Texas Court of Criminal Appeals noted the denial of a meaningful appeal
because of ineffective assistance of counsel is a proper ground for habeas corpus relief. Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2002).