In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00153-CR


______________________________




STEVE SCOTT WILT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Lamar County, Texas


Trial Court No. 41410




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Steve Scott Wilt appeals his conviction by a jury for evading arrest and detention, a Class B
misdemeanor. See Tex. Pen. Code Ann. § 38.04(b) (Vernon Supp. 2002). The jury assessed his
punishment at 180 days' confinement in the county jail, but recommended that the trial court suspend
the imposition of his sentence and that he be placed on two years' community supervision. The trial
court sentenced him accordingly.

 In the same proceeding, Wilt was also convicted of criminal trespass and of resisting arrest. 
He was sentenced to three months' confinement for the criminal trespass offense and 365 days'
confinement for the resisting arrest offense, but the trial court suspended the imposition of both
sentences and placed him on two years' community supervision for each conviction. Wilt has also
filed appeals from those convictions, which we address in separate opinions.

 The record shows the trial court pronounced sentence May 1, 2002. Wilt filed a motion for
new trial May 31, 2002. Rule 26.2(a)(2) requires the notice of appeal to be filed "within 90 days
after the day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial." Tex. R. App. P. 26.2(a)(2).

 The motion for new trial was timely, see Tex. R. App. P. 21.4(a), making the notice of appeal
due by July 30, 2002. The notice of appeal was filed on August 14, 2002. Therefore, the notice of
appeal is untimely, and this Court is without jurisdiction over the appeal. Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996).

 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: September 26, 2002

Date Decided: September 27, 2002


Do Not Publish



 directing counsel to file the reporter's record, to show adequate efforts to secure the
reporter's record, or to file his brief based on the clerk's record alone. Therefore, under the
authority of Rule 37.3(c), we will consider the issues raised by the clerk's record alone. 
See Tex. R. App. P. 37.3(c) (court may consider and decide issues not requiring reporter's
record).

 Garcia pled guilty to intentionally and knowingly engaging in sexual contact with a
child under the age of seventeen, who was not Garcia's wife, by touching the victim's
genitals. Indecency with a child, as alleged in this case, is a second degree felony. See
Tex. Pen. Code Ann. § 21.11 (Vernon 2003). The record before us indicates Garcia's
guilty plea was made voluntarily with full knowledge of the consequences of his plea,
including sex offender registration. Garcia signed a written statement that he was mentally
competent at the time of his plea and understood the nature of the charge against him. 
In short, there is nothing in the record that causes us to question the validity of Garcia's
plea.

 Similarly, there is nothing in the record that causes us to question the propriety of
the sentence assessed. Although the trial court denied Garcia's motion for community
supervision, Garcia's four-year sentence was within the range provided for second degree
felonies. See Tex. Pen. Code Ann. § 12.33 (Vernon 2003) (punishment range for second
degree felony is two to twenty years). When a trial court assesses punishment within the
statutory range, we shall presume the sentence was proper absent evidence to the
contrary. See Alberto v. State, 100 S.W.3d 528, 529-30 (Tex. App.-Texarkana 2003, no
pet.) (punishment not cruel or excessive if within statutory range). In this case, the record
demonstrates no evidence to the contrary.

 For the reasons stated, we find the record raises no issues requiring reversal. We
affirm the trial court's judgment.

 

 Donald R. Ross

 Justice



Date Submitted: July 16, 2003

Date Decided: July 17, 2003


Do Not Publish