NO. 07-03-0254-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 11, 2003


______________________________



EDWARD SANCHEZ HINAJAS AKA EDWARD SANCHEZ


HINOJOSA AKA EDWARD SANCHEZ HINOJOS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,044-D; HON. DON EMERSON, PRESIDING


_______________________________


DISMISSAL 


_______________________________ 


Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant, Edward Sanchez Hinajas, appeals his conviction for Aggravated Sexual
Assault of a Child. We dismiss the proceeding for lack of jurisdiction. 

 The judgment indicates that sentence was imposed on March 13, 2003. Appellant
then filed a document purporting to be a notice of appeal on May 22, 2003. No motion for
new trial was filed. To be timely, a notice of appeal must be filed within 30 days after the
sentence is imposed or suspended in open court or within 90 days after that date if a
motion for new trial is filed. Tex. R. App. P. 26.2(a). Thus, appellant's notice of appeal was
due to be filed on or about April 14, 2003, but was not filed until May 22, 2003.
Furthermore, he did not move for an extension of the deadline.

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is not timely, then the
court of appeals can take no action other than to dismiss the proceeding. Id. at 523. 
Because appellant's notice of appeal was untimely filed, we have no jurisdiction to
consider the appeal. 

 Accordingly, the appeal is dismissed. 

 Per Curiam 

Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



a brief.

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal, and then we must determine whether counsel
has properly concluded that the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Counsel lists his
two arguable points as: (1) whether there is legally and factually sufficient evidence for the
trial court to find appellant violated the terms and conditions of his community supervision;
and 2) whether the confusion over the range of punishment and the degree of felony of the
offense constitutes reversible error.

 We have made an independent examination of the record, including appellant's
written stipulation that the allegations contained in the application to revoke his community
supervision "are true and correct." See Penson v. Ohio, 488 U.S.75, 82-83, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
We have found no grounds for reversal and agree with counsel that the appeal is without
merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974).

 Accordingly, counsel's request to withdraw is granted and the judgment of the trial
court is affirmed. 

 John T. Boyd

 Senior Justice


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).