COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ISAAC PORRAS JASSO,                                    )

                                                                              )             
No.  08-03-00353-CR

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )             
143rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )         
of Reeves County, Texas

Appellee.                           )

                                                                              )          
(TC# 98-06202-CRR)

                                                                              )

 

 

MEMORANDUM  OPINION

 

This is an
attempted appeal from an order denying Appellant=s
application for writ of habeas corpus seeking release.  The issue before us is whether Appellant
timely filed his notice of appeal.  We
conclude that he did not and dismiss the attempted appeal for want of
jurisdiction.

The record
reflects that the trial court entered an order denying the application for writ
of habeas corpus on June 20, 2003. 
Appellant filed a notice of appeal on July 22, 2003, thirty-two days
after the trial court=s
ruling denying the application for writ of habeas corpus.  








A timely notice of
appeal is necessary to invoke the jurisdiction of this Court.  Olivo v. State, 918 S.W.2d 519, 522
(Tex.Crim.App. 1996).  Tex.R.App.P. 26.2(a) prescribes the
time period in which notice of appeal must be filed by the defendant in order
to perfect appeal in a criminal case:

(A)       By the Defendant.  The notice of appeal must be filed:

 

(1)        within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an
appealable order; or

 

(2)        within 90 days after the day sentence is
imposed or suspended in open court if the defendant timely files a motion for
new trial.

 

Therefore, a defendant=s notice of appeal is timely if filed
within thirty days after the day the trial enters an appealable order.  Tex.R.App.P.
26.2(a); Olivo, 918 S.W.2d at 522. 
Rule 26.3 allows for an exception: 
The appellate court may extend the time to file the notice of appeal if,
within fifteen days after the deadline for filing the notice of appeal, the
party: (a) files in the trial court the notice of appeal; and (b) files in the
appellate court a motion complying with Rule 10.5(b), reasonably explaining the
need for the extension of time.  Tex.R.App.P. 26.3; Tex.R.App.P. 10.5(b)(2).  A late notice of appeal may be considered
timely so as to invoke the appellate court=s
jurisdiction if:  (1) it is filed within
fifteen days of the last day allowed for filing; (2) a motion for extension of
time is filed in the appellate court within fifteen days of the last day
allowed for filing the notice of appeal; and (3) the appellate court grants the
motion for extension of time.  Olivo,
918 S.W.2d at 522.








The last date
allowed for timely filing of the notice of appeal was July 20, 2003, thirty
days after the day the trial court entered the order denying the application
for writ of habeas corpus.  Tex.R.App.P. 26.2(a)(1).  Appellant did not file his notice of appeal
until July 22, 2003 and failed to file a motion for extension of time.  Therefore, Appellant failed to perfect this
appeal.  Accordingly, we dismiss the
appeal for want of jurisdiction.

 

 

September 25, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)