MEMORANDUM OPINION



No. 04-01-00185-CR

No. 04-01-00186-CR


Jose A. GARCIA, Jr.,

Appellant


v.


The STATE of Texas,

Appellee


From the 226th Judicial District Court, Bexar County, Texas

Trial Court Nos. 1999-CR-5110-A & 1999-CR-5111-A

Honorable Sid L. Harle, Judge Presiding


PER CURIAM

 

Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice



Delivered and Filed: October 15, 2003


DISMISSED FOR LACK OF JURISDICTION

 

 It appears appellant filed a pro se motion for leave to file late notices of appeal in these cases on
March 8, 2001. No further action has been taken in these appeals. Appellant is represented by John A.
Convery. Records obtained from the trial court clerk in trial cause number 1999-CR-5110-A indicate
appellant's conviction in this cause number was dismissed on February 22, 2001 "in consideration for plea
on 1999 CR 511A." Records obtained from the trial court clerk in trial cause number 1999-CR-5111-A
indicate sentence was imposed on December 18, 2000 and Mr. Convery timely filed a motion for new trial
on December 22, 2000. Appellant timely filed a pro se motion for leave to file late notice of appeal on
March 8, 2001. Appellant's notice of appeal was due to be filed on March 19, 2001. Tex. R. App. P.
26.2(a)(2). Although appellant timely filed a motion for extension of time, he did not file a notice of appeal.
A timely notice of appeal is necessary to invoke this court's jurisdiction. Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996); Tex. R. App. P. 26.2(a). 

 On September 15, 2003, we ordered appellant to show cause why his appeals should not be
dismissed for lack of jurisdiction. After a diligent and commendable review of his records, considering the
time that has passed, and after speaking with appellant, Mr. Convery filed a response in which he agreed
these appeals should be dismissed and indicating that appellant desired that these appeals be dismissed.
Accordingly, these appeals are dismissed for lack of jurisdiction.


 PER CURIAM


DO NOT PUBLISH