NO. 07-06-0043-CR
NO. 07-06-0044-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 8, 2006

_____

STEPHANIE LINDA ESPINOSA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 50,641-C & 50,642-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Stephanie Linda Espinosa, appellant, attempts to appeal her convictions for possession of a controlled substance in a drug free zone. The court imposed her sentence in both causes in open court on December 12, 2005. Appellant then filed a notice of appeal in both cases on January 30, 2006. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). No motion for new trial having been filed, appellant's notice of appeal was due to be filed January 11, 2006. Because the record discloses that appellant's notice of appeal was received by the trial court clerk on January 30, 2006, in both cases, without seeking an extension of the deadline, TEX. R. APP. P. 26.3, the notices of appeal were late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id*. at 523. Appellant's notices being untimely filed, we have no jurisdiction over the matters and dismiss the appeals.

Accordingly, appellant's appeals are dismissed.[1]


Brian Quinn
Chief Justice


Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).