NO. 07-06-0107-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 30, 2006

_____

GUADALUPE VALDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,140-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

***Order of Dismissal***

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Guadalupe Valdez, appellant, attempts to appeal her conviction for aggravated sexual assault of a child.  The trial court imposed her sentence in open court on February 14, 2006.  Appellant then filed a notice of appeal on March 29, 2006.  We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new

trial is filed.  TEX. R. APP. P. 26.2(a).  No motion for new trial having been filed here, appellant's notice of appeal was due to be filed by March 16, 2006.  Because it was not so filed until on March 28, 2006, and because no extension of that deadline was sought, it was late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  *Id*. at 523.  Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


                                        Brian Quinn
                                        Chief Justice


Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).