In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00061-CR
______________________________


ANTHONY DELEON, SR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 22,221


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Anthony Deleon, Sr., has filed with this Court a motion to extend the time for filing
his notice of appeal. According to Deleon's motion, the judgment is dated December 14,
2004. 
          A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time
period in which a notice of appeal must be filed by a defendant in order to perfect appeal
in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after
the day sentence is imposed or suspended in open court, or within ninety days after
sentencing if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo,
918 S.W.2d at 522. The motion filed does not refer to a motion for new trial having been
filed in this case. The last date Deleon could timely file his notice of appeal was
January 13, 2005, thirty days after the day, according to his motion, the sentence was
imposed in open court. See Tex. R. App. P. 26.2(a)(1). Further, no motion for extension
of time was filed in this Court within fifteen days of the last day allowed for filing the notice
of appeal.
 
 
 
 
          Deleon has failed to perfect his appeal. Accordingly, we overrule Deleon's motion
for extension of time to file his notice of appeal and dismiss the appeal for want of
jurisdiction.



 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      April 11, 2006
Date Decided:         April 12, 2006

Do Not Publish



#160;                           THE COURT:          Denied.

          Cochran contends the trial court erred by denying his motion for mistrial. We review
a trial court's denial of a motion for mistrial under an abuse of discretion standard. Trevino
v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). Mistrial is an extreme remedy for
prejudicial events occurring during the trial process. See Bauder v. State, 921 S.W.2d 696,
698 (Tex. Crim. App. 1996).
          The asking of an improper question will seldom call for a mistrial because, in most
cases, any harm can be cured by an instruction to disregard. Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999). A mistrial is required only when the improper question is
clearly prejudicial to the defendant and is of such character as to suggest the impossibility
of withdrawing the impression produced on the minds of the jurors. Id. 
          In this case, the statement was not in response to a question posed by the State,
but was instead a statement volunteered by Rhodes. The trial court correctly categorized
the statement as nonresponsive and correctly sustained the objection. The remaining
question is whether the statement was of such character as to make the instruction to
disregard ineffectual. Although the statement is clearly prejudicial, we do not find it to be
necessarily of such character as to make it impossible for the instruction to withdraw the
impression made on the minds of the jurors. 
          The test for an abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court's action; rather, it is a
question of whether the court acted without reference to any guiding rules or principles,
and the mere fact that a trial court may decide a matter within its discretionary authority
differently than an appellate court does not demonstrate such an abuse. Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). A trial court does not
abuse its discretion when its decision is at least within the zone of reasonable
disagreement. See id. Under the requisite abuse of discretion standard, we do not find
the trial court's denial of the motion for mistrial to be outside the range of reasonable
disagreement. The contention is overruled.
          Cochran next contends the trial court's denial of his motion to strike evidence based
on a "supplemental" discovery report by the State was error. Cochran had filed a request
for discovery which was granted in an agreed order by the court, and he was provided a
copy of the entire file of the district attorney's office regarding his case. Counsel states he
had designed his defensive strategy (to allow Cochran to take the stand and provide his
version of events) around the information contained in that file. 
          The supplemental report contained a description of an oral statement made by
Cochran after arrest and after receiving Miranda


 warnings. The officer recounted that
Cochran had stated he broke into the store that night because he had been accused of a
similar crime a few days earlier, "and he felt he might as well do it." The report also states
Cochran refused to either give a written statement or talk further about the incident. 
          According to the motion to strike, the document was provided to defense counsel
May 1, 2003. Counsel argues that, because it was not provided at the same time as the
other information provided by the State, he did not have an adequate opportunity to
formulate and plan his defensive strategy. However, the record shows trial did not begin
until May 12, 2003. In this case, there is no order setting a time limitation on the date
discovery must have been provided to Cochran, see State v. LaRue, 108 S.W.3d 431 (Tex.
App.—Beaumont 2003, pet. granted), there was a reasonable amount of time provided
before trial began for review of the newly provided document, and counsel did not request
any additional time to prepare for trial. 
          We conclude the trial court did not err under these facts by denying the motion to
strike.
          Cochran also contends the trial court erred by denying his motion to exclude
evidence of his criminal history. That motion sought to prevent the State from cross-examining Cochran about his lengthy criminal history. The brief suggests no reason that
such cross-examination would have been improper under the rules. Rather, counsel
acknowledges that his motion is not supported by the existing Rules of Evidence or the
cases decided under those rules. See Tex. R. Evid. 609. Nevertheless, he argues that to
allow such impeachment deprives him of a fair and impartial trial under the constitution and
that we should therefore reverse. 
          Counsel has provided no reasoned argument adequate to persuade this Court that
we should ignore both the Rules of Evidence and the cases decided under those rules to
declare the admission of such impeachment evidence unconstitutional, and without such
persuasion, we will not so hold. The contention of error is overruled. 
 

          We affirm the judgment.
 

                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      February 10, 2004
Date Decided:         February 27, 2004

Do Not Publish