NO. 07-07-0079-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 23, 2007



______________________________




 ERASMO GONZALES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee



_________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 3320-8; HON. RON ENNS, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Erasmo Gonzales, appellant, attempts to appeal from an order denying his "'Petition
for Redress of Grievance'" and his "'Motion for Nunc Pro Tunc.'" The court signed the
order on December 4, 2006. Appellant then filed a notice of appeal on March 5, 2007. We
dismiss for want of jurisdiction.

 To be timely, a notice of appeal must be filed within 30 days after the day the trial
court enters an appealable order or within 90 days after that date if a motion for new trial
is filed. Tex. R. App. P. 26.2(a). No motion for new trial having been filed, appellant's
notice of appeal was due to be filed January 3, 2007. Because the record discloses that
appellant's notice of appeal was received by this court on March 5, 2007, without seeking
an extension of the deadline, Tex. R. App. P. 26.3, the notice of appeal was late.

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no
action other than to dismiss the proceeding. Id. at 523. Appellant's notice being untimely
filed, we have no jurisdiction over the matter and dismiss the appeal.

 Accordingly, appellant's appeal is dismissed.


 Brian Quinn 

 Chief Justice 




Do not publish.


 Per Curiam

Do not publish.
1. The trial court, as opposed to the jury, was to assess punishment.