NO. 07-08-0183-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 30, 2008


______________________________



MARY L. REYES,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee

_________________________________



FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2006-413009; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Mary L. Reyes, appellant, attempts to appeal her conviction for driving while
intoxicated with a passenger under fifteen years of age. The court imposed sentence on
January 18, 2008. Appellant then filed a motion for new trial on February 14, 2008. Her
notice of appeal was filed on April 18, 2008. We dismiss for want of jurisdiction.

 To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). A motion for new trial having been filed, appellant's
notice of appeal was due to be filed on or before April 17, 2008. Appellant's attorney was
notified by this court on May 16, 2008, that the notice of appeal appears untimely and
directed him to file any documents or matters considered necessary for this court to
determine its appellate jurisdiction. These documents were to be filed no later than May
27, 2008. No documents or response have been received by the court to date. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no
action other than to dismiss the proceeding. Id. at 523. Appellant's notice being untimely
filed, we have no jurisdiction over the matter and dismiss the appeal.

 Accordingly, appellant's appeal is dismissed. (1)


 Brian Quinn 

 Chief Justice 




Do not publish.
1. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of
habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon 2005).



 flatbed
trailer parked on its lot. The trial court overruled the motion to suppress and the case
proceeded to trial. The trial court did not file any findings of fact or conclusions of law
regarding his ruling on the motion to suppress.

Standard of Review


 We review a trial court's decision to deny a motion to suppress under an abuse of
discretion standard. See Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). 
A bifurcated standard of review is applied, that is, when a trial court's determination of fact
is based upon an evaluation of witness credibility or demeanor, almost total deference is
given to that determination. See St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App.
2007). However, on questions of mixed law and fact that do not turn on the trial court's
evaluation of witness credibility and demeanor, we conduct a de novo review. See
Montanez v. State, 195 S.W.3d 101, 109 (Tex.Crim.App. 2006). Where, as here, there are
no findings of fact filed, we view the evidence in the light most favorable to the trial court's
ruling and assume the trial court made implicit findings of fact that are supported by the
record. See Ford v. State, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005). 

 Finally, the legal question of whether the totality of the circumstances are sufficient
to support an officer's reasonable suspicion is reviewed de novo. See Madden v. State,
242 S.W.3d 504, 517 (Tex.Crim.App. 2007). In reviewing the totality of the circumstances,
we must ascertain from the record if there was reasonable suspicion to believe that
appellant is violating the law. See Neal v. State, 256 S.W.3d 264, 280 (Tex.Crim.App.
2008). Reasonable suspicion exists if the officer has specific articulable facts that, when
combined with rational inferences from those facts, would lead him to reasonably suspect
that a particular person has, or soon will be, engaged in criminal activity. Id.

Analysis


 A review of the record reveals that Savell's articulable facts were: 1) the time of day,
1:00 a.m.; 2) the business was not open; and 3) information given at roll call regarding the
rash of stolen flatbed trailers. Of these facts, only the time of day and the fact that
appellant was pulling a flatbed trailer link appellant to a conclusion that he had or was
going to be involved in criminal activity. This court has previously held that the time of day
and the level of criminal activity in an area may be factors in making a reasonable
suspicion determination, but they are not suspicious in and of themselves. See Hudson
v. State, 247 S.W.3d 780, 786 (Tex.App.-Amarillo 2008, no pet.). However, the State
argues that in addition to these articulated reasons for the stop we must consider the trial
court's implied finding that O'Tool's was a place where items might be stored outside and
subject to theft. We are required to consider implied findings by the court, if those findings
are supported by the record. Ford, 158 S.W.3d at 493. However, in the record before us,
we find no support for this implied finding. The owner of O'Tool's testified but nowhere in
the record does he state that there is merchandise stored on the parking lot appellant was
seen leaving. Further, nowhere in Savell's testimony does he state that he had knowledge
of any merchandise that might be readily accessible to one trying to steal it. Finally, the
testimony of the owner of O'Tool's was that the lot in question did not have a gated entry
nor a fence of any type around it. It was simply a vacant parking lot, according to the
record. 

 In the final analysis, the facts articulated by Savell fail to provide this court with
reasonable belief that some conduct out of the ordinary related to criminal activity is, has,
or was about to occur. See Neal, 256 S.W.3d at 280. Accordingly, we find that the stop
of appellant was without reasonable suspicion to condone it. We therefore sustain
appellant's contention that the trial court abused its discretion in overruling appellant's
motion to suppress. 

Conclusion


 Having sustained appellant's sole issue, the judgment of the trial court is reversed
and the cause is remanded for further proceedings in conformity with this opinion. 


 Mackey K. Hancock

 Justice




Do not publish.