NO. 07-08-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 6, 2008

_____

BARRY DWAYNE MINNFEE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 25,746-A; HON. HAL MINER, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Barry Dwayne Minnfee attempts to appeal from an order revoking his probation and adjudicating him guilty of sexual assault. Sentence was imposed on April 30, 1992. However, notice of appeal was not filed until May 16, 2008. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Appellant's notice of appeal was clearly filed after the appropriate deadline.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]

Brian Quinn
Chief Justice

Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).