NO. 07-08-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 6, 2008

_____

BARRY DWAYNE MINNFEE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,519-C; HON. ANA ESTEVEZ, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Barry Dwayne Minnfee attempts to appeal his conviction of burglary of a habitation. Sentence was imposed on January 28, 2002. However, notice of appeal was not filed until May 16, 2008. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new

trial is filed. TEX. R. APP. P. 26.2(a). Appellant's notice of appeal was clearly filed after the appropriate deadline.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


Brian Quinn
Chief Justice


Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).