COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





JAMES RYAN PILARCIK,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-08-00121-CR

Appeal from
195th District Court

of Dallas County, Texas

(TC # F-0773290-N)



 

 

 




MEMORANDUM OPINION

            James Ryan Pilarcik appeals his conviction of delivery of methamphetamine. We dismiss
the appeal for want of jurisdiction. 
            On February 22, 2008, Appellant waived his right to a jury trial and entered a non-negotiated
plea of guilty. The trial court assessed punishment at a fine of $500 and imprisonment for a term
of ten years. Appellant filed notice of appeal that same day and he filed a motion for new trial on
March 4, 2008. On April 27, 2008, the trial court granted Appellant’s motion for a new trial on the
issue of punishment, but did not permit him to withdraw his plea of guilty. On June 26, 2008, the
trial court conducted a new punishment hearing and sentenced Appellant to a fine of $500 and
imprisonment for a term of ten years. 
            A timely notice of appeal is necessary to invoke this Court’s jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant filed a timely notice of appeal following his
sentencing on February 22, 2008. However, the trial court subsequently granted Appellant’s request
for a new trial on the issue of punishment only. On June 26, 2008, the trial court conducted a new
punishment hearing and re-sentenced Appellant.


 Appellant did not file a notice of appeal following
the imposition of sentence.
            The Rules of Appellate Procedure permit a party in a criminal case to file a premature notice
of appeal where the notice of appeal is filed after a finding of guilt has been made but before
sentencing. See Tex.R.App.P. 27.1(b)(“In a criminal case, a prematurely filed notice of appeal is
effective and deemed filed on the same day, but after, sentence is imposed or suspended in open
court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if
filed before the trial court makes a finding of guilt or receives a jury verdict.”). The notice of appeal
filed on February 22, 2008 does not constitute a premature notice of appeal because it was filed after
sentence was imposed in open court. The trial court then granted Appellant’s motion for new trial
and conducted a new punishment hearing. Appellant was required to file a new notice of appeal after
the trial court re-sentenced him on June 26, 2008. That notice of appeal was due to be filed on
July 26, 2008, thirty days after the day sentence was imposed in open court. See Tex.R.App.P.
26.2(a)(1). Because Appellant did not file notice of appeal within this time-frame, we dismiss the
appeal for want of jurisdiction.

October 2, 2008                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)