COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-10-001-CR

 

 

FRED COTTON, JR.                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The trial court revoked Appellant Fred Cotton, Jr.=s deferred
adjudication community supervision, convicted him of aggravated sexual assault,
and sentenced him to forty-five years= confinement.  The trial court imposed the sentence  on June 12, 2009.  Appellant filed a timely motion for new
trial, so his notice of appeal was due September 10, 2009.[2]  He did not file his notice of appeal until
December 31, 2009; thus, it was untimely.

Accordingly, we informed Appellant by letter on January 6,
2010, that this appeal was subject to dismissal unless Appellant or any party
showed grounds for continuing the appeal on or before January 19, 2010.  Appellant did respond, but his response does
not show grounds on which this court may rely for continuing his appeal.

A notice of appeal that complies with the requirements of
rule 26 is essential to vest this court with jurisdiction.[3]  The Texas Court of Criminal Appeals has
expressly held that, without a timely filed notice of appeal or motion for
extension of time, this court cannot exercise jurisdiction over an appeal.[4]  Only the Texas Court of Criminal Appeals may
grant Appellant an out-of-time appeal.[5]

 








Because Appellant=s notice of appeal
was untimely filed, we dismiss this case for want of jurisdiction.[6]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 11, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
26.2(a)(2) (providing that notice of appeal must be filed within ninety days of
sentencing).





[3]Id.





[4]Olivo v. State, 918 S.W.2d 519, 522 (Tex.
Crim. App. 1996).





[5]See Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon Supp. 2009); Olivo, 918 S.W.2d at 525 n.8; Wright
v. State, No. 02‑05‑00076‑CR, 2005 WL 1594367, at *1 n.2
(Tex. App.CFort Worth July 7, 2005,
no pet.) (mem. op., not designated for publication).





[6]See Tex. R. App. P.
26.2(a)(2), 43.2(f).