NO.  07-10-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 14, 2010

_____

MIGUEL ANGEL GOMEZ, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 211th DISTRICT COURT OF DENTON COUNTY;

NO. F-2009-1584-C; HON. L. DEE SHIPMAN, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Miguel Angel Gomez, Jr. (appellant) attempts to appeal from an order adjudicating him guilty of burglarizing a habitation.  He was sentenced in open court on May 13, 2010, but did not file his notice of appeal until June 21, 2010.  By letter dated July 26, 2010, we informed appellant that it appeared his notice of appeal was untimely and granted him opportunity to provide us with information to determine whether we

have jurisdiction over the appeal. Appellant responded by telling us that his sentencing hearing was postponed until June 16, 2010, and therefore, his sentence was pronounced on that day. Both the reporter's record and clerk's record belie the contention, however, and actually reveal that sentence was pronounced on May 13th.

A timely notice of appeal is necessary to invoke our jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, it must be filed within 30 days after sentence was pronounced in open court, unless a timely motion for new trial was filed. TEX. R. APP. P. 26.2. Such a motion also must be filed within 30 days of the oral pronouncement of sentence. TEX. R. APP. P. 21.4. While a motion for new trial was filed here, that was not done until June 21, 2010, or more than 30 days after sentence was orally pronounced in open court. Furthermore, appellant did not move to extend the deadline for tendering his notice of appeal. So, we have no jurisdiction over the matter.

Accordingly, the appeal is dismissed for want of jurisdiction.[1]


Brian Quinn
Chief Justice


Do not publish.

---

[1]Appellant may petition the Court of Criminal Appeals under article 11.07 of the Code of Criminal Procedure for leave to initiate a belated appeal.