COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| WILLIE GLENN EPHRIAM, | | No. 08-11-00094-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 143rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Reeves County, Texas |
| | § | |
| Appellee. | | (TC # 06-10-07135-CRR) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

This case is before the Court on its own motion to determine whether it should be dismissed for lack of jurisdiction. Because Appellant did not file a timely notice of appeal, we will dismiss.

In 2006, Appellant pled guilty to aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision. On January 7, 2011, the trial court adjudicated him guilty and sentenced him to sixteen years in prison. Although the sentence was imposed on January 7, 2011, the judgment was not signed and filed until March 4, 2011. The trial court also entered a certification of Appellant's right of appeal on March 4, 2011. On March 10, 2011, Appellant's attorney filed a notice of appeal for Appellant. On April 11, 2011, the Clerk of this Court notified the parties that the notice of appeal appeared to be untimely and the Court therefore intended to dismiss the appeal for want of jurisdiction unless any party could show grounds for continuing the appeal within ten days. Appellant's attorney responded to the Clerk's notice with a letter, stating that Appellant "was not aware of his credit or Certificate of Appealability" before March 4. Counsel asserts, "Without a Certificate of Appealability, the case could not be considered on appeal."

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918

S.W.2d 519, 522 (Tex.Crim.App. 1996). Because Appellant did not file a motion for new trial, his notice of appeal was due to be filed within thirty days after January 7, 2011--the day sentence was imposed in open court. *See* TEX.R.APP.P. 26.2(a). To obtain an extension of time to file the notice of appeal, Appellant was required to file both the notice of appeal and a motion for extension of time within fifteen days of the due date. *See* TEX.R.APP.P. 26.3. Appellant did not comply with this procedure. His notice of appeal, filed on March 10, 2011, was not timely.

Counsel's response to the Clerk's letter does not change this result. We assume that by "Certificate of Appealability," counsel is referring to the trial court's certification of Appellant's right of appeal. The date of the certification has no bearing on the due date for the notice of appeal. *Cf.* TEX.R.APP.P. 25.2(d)(providing that the certification may be added to the record after the notice of appeal is filed); TEX.R.APP.P. 26.2(a)(2)(extending the due date for the notice of appeal when a motion for new trial is filed).

The appeal is dismissed for want of jurisdiction.

May 11, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)