NO. 07-12-0225-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 19, 2012
_____

CARLOS I. MORIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418,394; HON. CECIL PURYEAR, PRESIDING
_____

***Order of Dismissal***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Carlos I. Morin, appellant, attempts to appeal from his conviction for assault. The trial court pronounced sentence and signed the judgment in October of 2008. Appellant did not file his notice of appeal until June 1, 2012. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for

new trial is filed.  TEX. R. APP. P. 26.2(a).  Therefore, the deadline for perfecting an appeal here lapsed several years ago.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  *Id.* at 523.  Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


Per Curiam


Do not publish.

---

[1]The appropriate vehicle for seeking a belated appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).