**DISMISS; Opinion issued April 18, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00129-CR**

**CLARA HUBENAK DAHLSTROM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-80692-2012**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Clara Hubenak Dahlstrom was convicted in Frisco Municipal Court of speeding in a school zone and assessed a fine and court costs totaling $191. She appealed by trial de novo to the Collin County Court at Law No. 6. Following a trial before the court, appellant was convicted of speeding in a school zone and fined $50. This appeal followed. The Court now has before it the State's motion to dismiss the appeal for want of jurisdiction.

The State asserts that we do not have jurisdiction over the appeal because appellant's fine did not exceed $100 and she is not challenging the constitutionality of the speeding statute. Appellant responds that we do have jurisdiction to address her complaints. We agree we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be

legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523.

Courts of appeals have "appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed." TEX. CODE CRIM. P. ANN. 4.03 (West Supp. 2012). This jurisdiction, however, does not extend to cases that have been appealed from any inferior court to the county court at law in which the fine imposed by the county court at law does not exceed $100 unless the *sole* issue on appeal is the constitutionality of the *statute or ordinance* on which the conviction is based. *See id.*; *see also Montpas v. State*, 997 S.W.2d 650, 650–51 (Tex. App.—Dallas 1999, no pet.).

Appellant's case originated in the Frisco Municipal Court and appealed by trial de novo to the Collin County Court at Law No. 6. The judge of the County Court at Law No. 6 assessed a $50 fine. Therefore, for us to have jurisdiction over the appeal from the County Court at Law No. 6, appellant's sole challenge had to be to the constitutionality of the statute under which she was convicted. Appellant does not challenge the constitutionality of the speeding statute, and we do not have jurisdiction to consider the complaints she does raise.[1] *See Montpas*, 997 S.W.2d at 651. Accordingly, we have no jurisdiction over the appeal. *Id.*

We grant the State's motion and dismiss the appeal for want of jurisdiction.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130129F.U05

---

[1] In her brief, appellant raised two issues. First, appellant contends the trial court committed "structural error" by refusing to dismiss the case for lack of jurisdiction because the officer who issued the citation failed to maintain his oath of office on file. Second, appellant asserts procedural errors require reversal due to the lack of jurisdiction and authority of the police officer.



# Court of Appeals
# Fifth District of Texas at Dallas

## **JUDGMENT**

CLARA HUBENAK DAHLSTROM,
Appellant

No. 05-13-00129-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-80692-2012.
Opinion delivered by Chief Justice Wright,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered April 18, 2013.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE