

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-14-00325-CR
07-14-00326-CR
07-14-00327-CR
07-14-00328-CR
07-14-00329-CR
07-14-00330-CR

B.J. ALLEN GALLOWAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 66223-E, 66224-E, 66255-E, 66256-E, 66257-E, 66258-E,
Honorable Douglas Woodburn, Presiding

September 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK, J., and BOYD, S.J.[1]

B.J. Allen Galloway, appellant, attempts to appeal from his convictions for possession of a controlled substance (two charges), delivery of marihuana (three charges), and possession of marihuana. The trial court pronounced sentence on April

---

[1] Senior Justice John T. Boyd, sitting by assignment.

1, 2013 in all causes.  Appellant did not file his notice of appeal with this Court until September 4, 2014. On September 5, 2014, this Court notified appellant of the untimely notice of appeal and gave him until September 15, 2014 to file a response, if any.[2] Appellant filed a response but failed to address the jurisdictional issue.  We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is filed.  TEX. R. APP. P. 26.2(a).  Appellant did not file a motion for new trial; therefore, the deadline for perfecting an appeal here lapsed in May of 2013.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  *Id.* at 523.  Appellant's notices being untimely filed, we have no jurisdiction over the matters and dismiss the appeals.

Accordingly, appellant's appeals are dismissed.


Per Curiam


Do not publish.

---

[2] Furthermore, the trial court certification regarding the right to appeal shows that appellant has no right to appeal because the convictions were the result of a plea bargain and appellant waived the right to appeal.