

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00029-CR
_____

JAMES DAVID HAYNES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 14F0359-005

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Following a jury trial, James David Haynes, Jr., was convicted of three counts of aggravated sexual assault of a child and sentenced to life in prison. Haynes' sentence was imposed November 21, 2014, and he filed a motion for new trial December 23, 2014, and a notice of appeal February 11, 2015. The issue before us is whether Haynes properly invoked this Court's jurisdiction by timely perfecting his appeal. Because we find that Haynes' notice of appeal was not timely filed, we also conclude that we are without jurisdiction to hear the appeal.

A timely filed notice of appeal is necessary to invoke this Court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure prescribes the time period in which a notice of appeal must be filed to perfect an appeal in a criminal case. *See* TEX. R. APP. P. 26.2. A criminal defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a), (b); *Olivo*, 918 S.W.2d at 522.

In this case, Haynes' motion for new trial was filed thirty-two days after the date sentence was imposed, making it untimely. Consequently, Haynes did not trigger the ninety-day filing period that accompanies a timely filed motion for new trial, and his notice of appeal was due within thirty days of the date sentence was imposed. Since Haynes' notice of appeal was not filed within this thirty-day window, it was untimely, and we are without jurisdiction to consider the appeal.

By letter dated March 20, 2015, we notified Haynes of this potential defect in our jurisdiction and afforded him an opportunity to respond. Haynes filed a response in which he conceded that our jurisdiction is wanting.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     April 6, 2015
Date Decided:       April 7, 2015

Do Not Publish