

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| DEBASTIAN TOLBERT, | | No. 08-16-00247-CR |
|  | § | |
| Appellant, | | Appeal from |
|  | § | |
| v. | | 21st District Court |
|  | § | |
| THE STATE OF TEXAS, | | of Bastrop County, Texas |
|  | § | |
| Appellee. | | (TC # 15,100) |
|  | § | |

## MEMORANDUM OPINION

Debastian Tolbert attempts to appeal from a judgment adjudicating him guilty of aggravated robbery with a deadly weapon. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX.R.APP.P. 26.2(a)(1). The deadline is extended to ninety days after the date the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(2). A court of appeals may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal, and files in the appellate court a motion complying with Rule 10.5(b).

TEX.R.APP.P. 26.3. When a notice of appeal is filed within the fifteen-day period, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Olivo*, 918 S.W.2d at 522.

The judgment of conviction reflects that sentence was imposed in open court on July 27, 2016. Appellant did not file a motion for new trial. Therefore, his notice of appeal was due to be filed no later than August 26, 2016, thirty days after the date sentence was imposed in open court. *See* TEX.R.APP.P. 26.2(a)(1). Trial counsel filed a notice of appeal on Appellant's behalf on September 1, 2016, six days late, but he did not file a motion for extension of time in which to file his notice of appeal as permitted by Rule 26.3.[1] On that same date, the trial court granted counsel's motion to withdraw, and Appellant's application for appointment of counsel was not considered by the trial court until September 9, 2016.

Appellant's current appellate counsel has filed a response urging the Court to permit the appeal to continue because Appellant made trial counsel aware that he wished to appeal before the deadline for filing notice of appeal, but trial counsel failed to timely file the notice of appeal and he did not file a motion for extension of time. While it appears that Appellant may not be at fault for the late filing of his notice of appeal, we do not have authority to grant Appellant an out-of-time appeal. Because Appellant did not file a motion for extension of time in which to file his notice of appeal, we do not have jurisdiction of the appeal. *See Olivo*, 918 S.W.2d at 522. Accordingly, we are required to dismiss the appeal for lack of jurisdiction.

October 27, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[1] Counsel attached to the notice of appeal a handwritten letter from Appellant dated July 29, 2016, indicating that Appellant wished to appeal. The handwritten letter was not filed with the trial court clerk until September 1, 2016.