# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00029-CR

**Curtis Joe Toliver, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-09-300664, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Curtis Joe Toliver, Jr., seeks to appeal from a judgment adjudicating guilt for the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code 22.02(a)(2). The trial court imposed sentence on December 14, 2015. Because Toliver failed to timely file a motion for new trial, the deadline for perfecting the appeal was January 13, 2016.[1] *See* Tex. R. App. P. 26.2(a)(1) (providing that generally, notice of appeal must be filed within thirty days after "the day sentence is imposed or suspended in open court"). Toliver filed his notice of appeal on January 15, 2016.

---

[1] When a timely motion for new trial has been filed, a defendant's notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See* Tex. R. App. P. 26.2(a)(2). Toliver's deadline for filing a timely motion for new trial was January 13, 2016. *See id*. R. 21.4(a) (motion for new trial must be filed no later than thirty days after date trial court imposes or suspends sentence in open court). Although Toliver filed a motion for new trial, he did not file it until January 15, 2016.

The rules of appellate procedure allow an appellate court to extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant: (1) files the notice of appeal in the trial court, and (2) files a motion for extension of time in the appellate court. Tex. R. App. P. 26.3. Here, Toliver's notice of appeal was filed within fifteen days of the deadline for filing the notice of appeal, but no motion for extension was filed. Accordingly, the notice of appeal was untimely, and we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction.[2] *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction.").

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: January 6, 2017

Do Not Publish

---

[2] Any remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.