

## IN THE
## TENTH COURT OF APPEALS

### No. 10-18-00255-CR

**CALEB GIPSON,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 12th District Court**
**Madison County, Texas**
**Trial Court No. 17-12896**

## MEMORANDUM OPINION

Caleb Gipson appeals two judgments rendered on two counts in one trial court case number. The judgments were rendered, and the sentences were imposed, on April 11, 2018. Gipson timely filed a motion for new trial and was required to file his notice of appeal within 90 days after the day the sentences were imposed. *See* TEX. R. APP. P. 26.2(a)(2). His notice of appeal[1] was filed on July 18, 2018, 98 days after the sentences were imposed. Thus, Gipson's notice of appeal is untimely. *See id*. We have no

---

[1] Gipson filed a notice of appeal for each count which this Court has consolidated into one appeal. *See* TEX. R. APP. P. 12.2(c) ("All notices of appeal filed in the same case must be given the same docket number.").

jurisdiction of an untimely appeal, and this appeal must be dismissed. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely).[2]

Accordingly, this appeal is dismissed.[3]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed August 15, 2018
Do not publish
[CR25]



---

[2] No motion for extension of time to file the notice of appeal has been filed with the Court. A motion filed now would not be beneficial to Gipson because when a notice of appeal is filed within the 15-day deadline, such as in this case, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction to consider the appeal in any manner other than by dismissing it. *Olivo v. State*, 918 S.W.2d 519, 522, 523 (Tex. Crim. App. 1996).

[3] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. See TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).

Gipson v. State                                                                       Page 2