**Appeal dismissed and Memorandum Opinion filed August 30, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-24-00567-CR

**HECTOR GIAGNOCOVO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1599067**

## M E M O R A N D U M   O P I N I O N

Appellant was sentenced to two years' incarceration on May 10, 2022. No timely motion for new trial was filed. Therefore, to be timely, appellant's notice of appeal was due by June 9, 2022. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension

of time to file notice of appeal). Accounting for a weekend, this meant a motion for extension of time had to be filed by June 26, 2022. *See* Tex. R. App. P. 4.1(a).

Appellant filed the underlying notice of appeal on July 31, 2024,[1] a date that is not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction.[2] *See id.*

On August 8, 2024, the parties were notified that the appeal was subject to dismissal without further notice unless a party demonstrated that the court has jurisdiction. No response has been received.

Accordingly, the appeal is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant also filed another notice of appeal from the judgment on December 9, 2022. *See Giagnocovo v. State*, No. 14-22-00917-CR, 2023 WL 370522, at *1 (Tex. App.—Houston [14th Dist.] Jan. 24, 2023, no pet.) (per curiam). That appeal was dismissed for lack of jurisdiction.

[2] This necessarily means that any subsequent notices of appeal that seek review of the trial court's May 10, 2022 judgment will be likewise untimely and will also leave no basis for exercising appellate jurisdiction regarding that judgment.